UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**TOMMIE WILSON**,                                    CASE NO.:
    Plaintiff,

v.

**FLORIDA MEMORIAL**
**UNIVERSITY, INC**,
    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND FOR VIOLATIONS OF AMERICANS WITH DISABILITY ACT

Plaintiff TOMMIE WILSON (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, sues Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., (hereinafter "Defendant" or "FMU"), and alleges as follows:

### NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); and the Americans with Disabilities Act ("ADA") to redress Defendant's violations due to Defendant's unlawful termination of Plaintiff.

### JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and the Americans with Disabilities Act ("ADA").

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/or transacts its affairs in this district.

1

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Miami, Florida and was a resident of Miami-Dade County, Florida for all times relevant to this action.

6. Defendant is a Florida Not for Profit entity located in Miami-Dade County.

7. At all times relevant to this action, Plaintiff was an employee of Defendant.

8. At all times relevant to this action, Defendant was an employer within the meaning of the ADA.

9. At all times relevant to this action, Defendant is an employer with 50 or more employees.

## STATEMENT OF FACTS

10. Plaintiff brings forth this action in Federal Court pursuant to the Title VII and ADA.

11. In or around June 2018, Defendant FMU hired Plaintiff WILSON.

12. Defendant hired Plaintiff WILSON to be Defendant's Floor Department Supervisor/Manager.

13. From Plaintiff WILSON'S date of hire until his unlawful termination, Plaintiff WILSON received satisfactory feedback from Defendant and Defendant's leadership team about his work performance.

14. At all relevant times, Defendant considered Plaintiff WILSON to be a good employee.

15. At all relevant times, Defendant and Defendant's leadership team treated Plaintiff WILSON differently because of his disability.

16. In or around June 2018, Defendant FMU hired Plaintiff WILSON to work within Defendant's Flooring department.

17. At all relevant times, Defendant employed Plaintiff WILSON as a Night- Floor Tech Supervisor.

18. At all relevant times, Plaintiff WILSON suffered serious injuries as it relates to his neck and back after being involved in an automobile accident in 2017.

19. At all relevant times, Plaintiff WILSON's duties included supervising four (4) staff members, lifting and moving heavy tools and flooring materials.

20. At all relevant times, Plaintiff WILSON was required to lift and carry heavy materials up and down the Defendant's stairs without assistance.

21. At all relevant times, Plaintiff WILSON needed his neck and back to be healthy to complete most work assignments.

22. In or around September 2018, as a result of an injury, Plaintiff WILSON had neck surgery to correct the issue.

23. In or around September 2018, Plaintiff WILSON returned to work without any limitations as a result of his surgery.

24. Plaintiff WILSON continued to work and suffered in pain after his return from his surgery.

25. In or around December 2018, Plaintiff WILSON'S physician required Plaintiff WILSON to undergo spinal surgery.

26. In or around February 2019, Plaintiff WILSON informed Defendant's Human Resources Office of his limitations.

27. In or around February 2019, Defendant was on notice of the heavy lifting limitations put in place by Plaintiff WILSON'S physician. As a result, Plaintiff WILSON requested light duty.

28. In or around February 2019, Plaintiff WILSON provided documentation supporting his light duty accommodation.

29. In or around February 2019, Defendant's Human Resource Director, Youseline Poteau (hereinafter referred to as "POTEAU") requested a copy of Plaintiff WILSON'S resume in order to place him another position to accommodate the heavy lifting restriction.

30. In or around February 2019, Plaintiff WILSON began looking for and applying to various positions within Defendant.

31. At all relevant times, Plaintiff WILSON was qualified for the positions to which he applied at Defendant.

32. In or around March 2019, Plaintiff WILSON complained to Defendant's Vice President about his limitations and the effect of the heavy lifting on his back.

33. In or around March 2019, Defendant's Vice President asked POTEAU, "WHY HAS HE NOT BEEN TRANSFERRED?"

34. In or around March 2019, POTEAU agreed to assist Plaintiff WILSON in securing one of the many positions available. Plaintiff WILSON was qualified to do various other open positions.

35. On or about March 18, 2019, Plaintiff WILSON requested a meeting with POTEAU to discuss potential options. POTEAU failed to respond to Plaintiff WILSON'S request for help with securing another position with Defendant.

36. At all relevant times, PLAINTIFF WILSON was considered to be a good employee by Defendant.

37. At all relevant times, POTEAU held direct supervisory authority over Plaintiff WILSON. POTEAU had the authority to hire, fire and/or otherwise alter the terms of Plaintiff WILSON'S employment.

38. PLAINTIFF WILSON reported discriminatory conduct with Defendant's Human Resource Department and Defendant's Vice President.

39. At all relevant times, Plaintiff WILSON continued applying to positions through Defendant's website and through Defendant's Human Resource Director, POTEAU.

40. In or around June 2019, Plaintiff WILSON complained to POTEAU and Defendant's Vice President.

41. In or around June 2019, Defendant's POTEAU said to Plaintiff WILSON while discussing his disability and necessary accommodations, "I WANT TO SEE HOW LONG ALL YOU'RE GOING TO LAST?"

42. In or around June 2019, while doing heavy lifting while working at Defendant, Plaintiff WILSON reinjured his celiac joint.

43. Again, Plaintiff WILSON requested reasonable accommodations, which included light duty.

44. In or around June 2019, Plaintiff WILSON's physician told Plaintiff WILSON that if he continued, he would seriously injure himself.

45. On or about June 13, 2019, Plaintiff WILSON informed Defendant's Human Resource Director of the aggravation to his injury, in response Human Resource Director stated, "CAN'T LET YOU WORK MUCH LONGER, YOU'RE NOT GOING TO HOLD THIS UNIVERSITY LIABLE."

46. Throughout the month of June 2019, Defendant's Human Resource Director began requesting various documents regarding Plaintiff WILSON'S injury and the resulting accommodations.

47. Plaintiff WILSON complied with all Defendant's documentation requests in a timely manner.

48. As instructed by Defendant, Plaintiff WILSON continued applying for administrative positions within Defendant.

49. In or around June 2019, Defendant was interviewed for a position in Defendant's Admission's Office. At the end of the interview Defendant's interviewer told Plaintiff WILSON the position was his but needed to have it cleared by leadership. Defendant did not hire Plaintiff WILSON.

50. Defendant's POTEAU did not make any attempt to accommodate Plaintiff WILSON, ultimately failing to place Plaintiff WILSON in any appropriate positions available with Defendant.

51. On or about July 17, 2019, Plaintiff WILSON was terminated from his position.

52. PLAINTIFF was wrongfully terminated on account of his disabilities and in retaliation to his opposition to and reporting of harassment and discrimination by Defendants.

53. All conditions precedent have occurred or been met, which includes the filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission prior to one hundred eighty (180) days from the filing of this Complaint and the issuance of a Notice of Right to Sue on October 23, 2019.

54. Defendant discriminated against and terminated Plaintiff WILSON on the basis of Plaintiff's disability and because Plaintiff WILSON complained or opposed the unlawful conduct of Defendant related to the above protected classes.

55. Defendant retaliated against Plaintiff WILSON for engaging in protected activity.

56. The above are just some examples of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

57. Plaintiff WILSON claims actual discharge and also seeks reinstatement.

58. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

59. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

60. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

61. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

62. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

63. The above are just some examples of unlawful discrimination and retaliation to which the Defendant subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

64. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 63 and further alleges as follows.

65. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

66. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

67. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

68. At all relevant times, Plaintiff WILSON suffered multiple injuries to his neck and back both of which required corrective surgery.

69. Plaintiff WILSON notified Defendant of his need for surgery, Defendant acknowledged his request and in turn granted leave.

70. At all relevant times, Plaintiff WILSON put defendant on notice of his need for accommodations as a result of his injury and the resulting surgery.

71. On multiple occasions, Defendant required Plaintiff WILSON to do heavy lifting despite his light duty accommodation request.

72. Defendant violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's surgery and the necessary time to recover.

73. Defendant violated the above and Plaintiff WILSON suffered numerous damages as a result.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

   b. Issue an order prohibiting further discrimination;

   c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

   d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

   e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

74. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 62 and further alleges as follows.

75. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against

any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

76. Plaintiff WILSON informed Defendant and Defendant's POTEAU of his neck and back and his surgery.

77. Plaintiff WILSON complained to Defendant's Vice President about the discriminatory comments and conduct made by Defendant's POTEAU.

78. Defendant's POTEAU made numerous attempts to remove Plaintiff WILSON from his position.

79. Plaintiff WILSON objected to Defendant's POTEAU'S attempts to terminate his employment with Defendant.

80. Defendant terminated Plaintiff WILSON'S employment with Defendant as a result of his disability.

81. Defendant violated the above and Plaintiff WILSON suffered numerous damages as a result.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

   b. Issue an order prohibiting further discrimination;

   c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

   d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER
## THE AMERICANS WITH DISABILITIES ACT

82. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 63 above.

83. Defendant, POTEAU subjected Plaintiff WILSON to harassment and the harassment was motivated by Plaintiff WILSON'S disability.

84. At all relevant times, POTEAU treated Plaintiff WILSON unfairly, unlike other employees outside of Plaintiff's protected class.

85. Defendant and POTEAU treated Plaintiff WILSON harshly and ultimately terminated Plaintiff WILSON because of his disability and his complaints of discrimination.

86. The conduct was so severe and pervasive that a reasonable person in Plaintiff WILSON'S position would find Plaintiff WILSON'S work environment to be hostile or abusive.

87. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION AND HARASSMENT UNDER TITLE VII

88. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 63 above.

89. Title VII states in relevant part as follows:

   (a) Employer practices: It shall be an unlawful employment practice for an employer:

   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

90. Plaintiff WILSON'S disability was a motivating factor in the Defendant's treatment of Plaintiff WILSON, including but not limited to terminating his employment.

91. Defendant's POTEAU intentionally altered Plaintiff WILSON'S work environment because of his disability.

92. Defendant treated Plaintiff WILSON less favorably than similarly situated employees outside Plaintiff's protected class.

93. Defendant's POTEAU intentionally subjected Plaintiff WILSON to a hostile work environment on account of Plaintiff WILSON'S disability.

94. Defendant FMU engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

95. Defendant FMU violated the above and Plaintiff WILSON suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

96. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 63 above.

97. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

98. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

99. Defendant's POTEAU harassing conduct was directly connected to Plaintiff WILSON disability.

100. Plaintiff WILSON did not welcome Defendant POTEAU'S discriminatory conduct or comments.

101. Defendant delegated POTEAU the supervisory authority to control Plaintiff WILSON'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff WILSON working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

102. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to

business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

103. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 62 above.

104. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

105. Shortly after Plaintiff WILSON'S complaints, Defendant's POTEAU terminated Plaintiff WILSON.

106. The retaliatory actions taken against Plaintiff WILSON world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

107. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

> **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and
>
> b. Issue an order prohibiting further discrimination; and
>
> c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and
>
> d. Award Plaintiff all compensatory damages provided-5; and
>
> e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**WHEREFORE**, Plaintiffs alternatively demand judgment against the defendants for the

reasonable value of their services and/or the amount by which defendants were unjustly enriched, interest, costs, prejudgment interest and such other relief as the Court deems fair and just.

## JURY DEMAND

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Dated: January 14, 2020                                      Respectfully Submitted,

/s/ Tiffani-Ruth Brooks
Tiffani-Ruth Brooks
Fla. Bar No. 1010664
Derek T. Smith Law Group. PLLC
100 SE 2nd Street, Suite 2000
Miami, FLL 33131
Tel: (305) 946-1884
Facsimile: (305) 503-6741
tiffani@dereksmithlaw.com